UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**WALESKA RIVERA FERRER,**

      **Plaintiff,**

v.                                                **Case No: 6:15-cv-1635-Orl-GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

---

**MEMORANDUM OF DECISION**

Waleska Rivera Ferrer (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for supplemental security income benefits. Doc. No. 1. Claimant argues the Administrative Law Judge (the "ALJ") erred by assigning: 1) limited weight to Dr. Emily Ernst's opinion; and 2) little weight to Dr. Will Potter's opinion. Doc. No. 15 at 13-16. Claimant argues the matter should be reversed and remanded for further proceedings. *Id.* at 23. For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

**I.   STANDARD OF REVIEW.**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is

supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

II. **ANALYSIS.**

This appeal centers on the weight assigned to Claimant's treating physicians' opinions. Doc. No. 15 at 13-23. At step four of the sequential evaluation process, the ALJ assesses the claimant's residual functional capacity ("RFC") and ability to perform past relevant work. *Phillips*, 357 F.3d at 1238. "The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. § 416.946(c). In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of treating, examining and non-examining medical sources. 20 C.F.R. § 416.945(a)(1), (3); *Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012).

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of steps four and five of the sequential evaluation process for determining disability. In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011), the Eleventh

Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor.  *Id*. at 1178-79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)).  "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence."  *Id*. at 1179 (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).

In assessing medical opinions, the ALJ must consider a number of factors in determining how much weight to give to each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization.  20 C.F.R. § 416.927(c).  A treating physician's opinion must be given substantial or considerable weight, unless good cause is shown to the contrary.  *Winschel*, 631 F.3d at 1179; *see also* 20 C.F.R. § 416.927(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence).  "Good cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records."  *Winschel*, 631 F.3d at 1179 (quotation marks omitted).

Claimant has a significant history of diabetes with peripheral neuropathy, *see generally* R. 335-952, and alleges a disability onset date of December 8, 2010.  R. 25, 48-49.  The record reveals

Claimant's diabetes has had an impact on her lower extremities, including edema of her legs and feet.  R. 376, 407-08, 480, 488, 538, 540, 542, 604-05, 608, 791, 801, 804, 827-28.

On June 7, 2012, Claimant began treating at Health Park Podiatric, where she treated with Drs. James Militello and Ernst.  R. 704-10, 867.  On that date, Claimant treated with Dr. Militello, who observed, among other things, "extreme edema" in web space of her left foot.  R. 704.  On January 3, 2013, Claimant treated with Dr. Ernst, who observed, among other things, focal edema of Claimant's left great toe due to an ingrown toenail.  R. 706.  Claimant treated with Drs. Militello and Ernst three (3) more times between January 21, 2013 and January 8, 2014, with no additional observations of edema in her lower extremities.  R. 708-10, 867.

On July 10, 2013, Dr. Ernst completed a Peripheral Neuropathy Medical Source Statement.  R. 854-58.  Dr. Ernst opined Claimant can occasionally lift/carry ten (10) pounds, and rarely lift twenty (20) or more pounds.  R. 857.  Dr. Ernst opined Claimant can sit and stand from more than two (2) hours at one time, and for at least six (6) hours in an eight-hour workday.  R. 855-56.  Dr. Ernst opined Claimant can walk five city blocks without rest or severe pain.  R. 855.  Dr. Ernst opined Claimant must have her legs elevated above her heart for twenty-five percent (25%) of an eight-hour workday due to edema.  R. 856.  Dr. Ernst opined Claimant can occasionally twist, stoop, and crouch.  R. 857.  Dr. Ernst opined Claimant will miss more than four (4) days per month due to her impairments.  R. 858.  Dr. Ernst opined Claimant's limitations have existed since June 7, 2012.  R. 858.

At step two of the sequential evaluation process, the ALJ found Claimant suffers from the following severe impairments: diabetes with peripheral neuropathy and toe amputations; gastroesophageal reflux disease; and obesity.  R. 27.  The ALJ also found Claimant suffers from non-severe impairments of asthma and chronic obstructive pulmonary disease.  *Id*.  At step four of

the sequential evaluation process, the ALJ found Claimant has the RFC to perform light work as defined by 20 C.F.R. § 416.967(b), with the following additional limitations:

> The claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently, sit and/or stand for eight hours in an eight-hour workday but would need to alternate her body posture every 30 minutes, and walk for two hours in an eight-hour workday. The claimant cannot climb ropes, ladders, or scaffolding though can occasionally climb ramps and stairs. She can occasionally bend, balance, stoop, crouch, kneel, and crawl. She cannot perform overhead lifting but can otherwise use her upper extremities in all ways. The claimant can see, hear, and talk without limitations but cannot tolerate exposure to heights, vibrations, or dangerous machinery.

R. 28.[1] In reaching this RFC, the ALJ weighed Drs. Ernst's opinion. R. 33. Specifically, the ALJ assigned "limited weight" to Dr. Ernst's opinion, "particularly to the leg raising requirements for edema as edema is not mentioned by Dr. Ernst in her own treatment notes and is not prevalent in the medical evidence of record." R. 33. The ALJ provided no further reasons for assigning limited weight to Dr. Ernst's opinion. *Id*.

The Court finds the ALJ did not state with particularity the weight she assigned to each of Dr. Ernst's opinions. The ALJ assigned limited weight to Dr. Ernst's opinion because she rejected Claimant's need to elevate her legs for twenty-five percent (25%) of an eight-hour workday. R. 33. However, the ALJ does not address any of Dr. Ernst's other opinions, including her opinions that Claimant can occasionally lift/carry ten (10) pounds and would miss four (4) or more days of work per month. *Id*. The ALJ is not required to include every limitation in a medical opinion into his or her RFC determination. *See, e.g.*, 20 C.F.R. 416.927(e)(2)(i) ( "Administrative law judges

---

[1] Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. § 416.967(b).

are not bound by any findings made by State agency medical or psychological consultants[.]"). The ALJ, however, is required to provide a reasoned explanation as to why he or she chose not to include particular limitations in his or her RFC determination. *See Winschel*, 631 F.3d at 1179 ("It is possible that the ALJ considered and rejected these two medical opinions, but without clearly articulated grounds for such a rejection, we cannot determine whether the ALJ's conclusions were rational and supported by substantial evidence."); *see also Monte v. Astrue*, Case No. 5:08-cv-101-Oc-GRJ, 2009 WL 210720, at *6-7 (M.D. Fla. Jan. 28, 2009) (An "ALJ cannot reject portions of a medical opinion without providing an explanation for such a decision.") (citing *Morrison v. Barnhart*, 278 F. Supp. 2d 1331, 1337 (M.D. Fla. 2003)).  The ALJ provides no explanation as to why she did not include or account for Dr. Ernst's lifting and attendance limitations, both of which are more restrictive than the ALJ's RFC determination.  *Compare* R. 28 *with* R. 857-58.[2] Accordingly, the Court finds the ALJ erred by not explaining why she did not include or account for Dr. Ernst's lifting and attendance limitations in her RFC determination.

The Court also finds the ALJ's decision to reject Dr. Ernst's opinion concerning Claimant's need to elevate her legs is not supported by substantial evidence.  The ALJ rejected Claimant's need to elevate her legs for the following reasons: 1) Dr. Ernst's treatment notes did not mention edema; and 2) edema was not "prevalent" in the medical record.  R. 33.  The first reason is not supported by substantial evidence.  The ALJ inexplicably focuses on Dr. Ernst's treatment notes, without reference to Dr. Militello's treatment notes.  *Id.*  Claimant was treated by both doctors during her time as a patient at Health Park Podiatric.  R. 704-10, 867.  Thus, Dr. Ernst would certainly have access to Dr. Militello's treatment notes when rendering her opinion.  This is significant because in June of 2012, Dr. Militello observed "extreme edema" in Claimant's left

---

[2] The ALJ's RFC determination is otherwise consistent with or more restrictive than the other limitations in Dr. Ernst's opinion.  *Compare* R. 28 *with* R. 854-58.

foot. R. 704-05. Thus, Dr. Ernst would have been aware Claimant had a history of edema in her lower extremities when rendering her opinion in July of 2013. Further, Dr. Ernst also observed "focal edema" in Claimant's left foot as a result of an ingrown toenail prior to rendering her opinion. R. 706. Therefore, the ALJ's first reason for rejecting Claimant's need to elevate her legs is not supported by substantial evidence. The Court is also not persuaded the ALJ's second reason about the prevalence of edema in the medical record, standing alone, provides substantial evidence to reject Claimant's need to elevate her legs, because it is not clear whether the ALJ would reach the same conclusion in light of the evidence of edema in Dr. Ernst's and Militello's treatment notes. Accordingly, the Court finds the ALJ's rejection of Dr. Ernst's opinion that Claimant needs to elevate her legs for twenty-five percent (25%) of an eight-hour workday is not supported by substantial evidence.

In summary, the Court finds the ALJ erred in weighing Dr. Ernst's opinion. The Commissioner does not argue harmless error. *See* Doc. No. 15 at 17-23. The Court, however, has considered whether the foregoing errors are harmless, and finds they are not, because the lifting limitations do not comport with the ALJ's determination that Claimant is capable of performing light work, *see* 20 C.F.R. § 416.967(b), and the vocational expert testified that missing four (4) or more days of work and elevating her legs for twenty-five percent (25%) of an eight-hour workday would preclude her from performing any work in the national economy. R. 71, 75.[3]

---

[3] This issue is dispositive and therefore there is no need to address Claimant's remaining arguments. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam) (no need to analyze other issues when case must be reversed due to other dispositive errors). However, on remand, the ALJ should provide further detail in support of her reasons for assigning little weight to Dr. Potter's opinion.

### III. **CONCLUSION.**

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Claimant and close the case.

**DONE** and **ORDERED** in Orlando, Florida on September 30, 2016.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Teresa J. McGarry
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc.
Desoto Bldg., Suite 400
8880 Freedom Crossing Trail
Jacksonville, FL 32256-1224